### SPENCER v. PIKE COUNTY, PA.

(Circuit Court of Appeals, Third Circuit. November 1, 1913.)

No. 1,757.

COUNTIES (§ 120*)—REQUISITES OF CONTRACT—ACCEPTANCE OF OFFER.

The adoption by a board of county commissioners of a resolution "that we make a contract" with a person named for the purchase of a safe and certain fittings for county offices, on terms stated, cannot be considered as an acceptance of an offer previously made by the proposed seller, where he afterwards prepared, and two of the commissioners signed, a written contract for the purchase of the same articles.

[Ed. Note.—For other cases, see Counties, Cent. Dig. § 191; Dec. Dig. § 120.*]

In Error to the District Court, of the United States for the Middle District of Pennsylvania; Chas. B. Witmer, Judge.

Action at law by T. E. Spencer against the County of Pike, in the State of Pennsylvania. Judgment for defendant, and plaintiff brings error. Affirmed.

For former opinions, see 183 Fed. 894, and 192 Fed. 11, 112 C. C. A. 433.

Wilton A. Erdman, of Stroudsburg, Pa., and Joseph O'Brien, John P. Kelly and W. J. Fitzgerald, all of Scranton, Pa., for plaintiff in error.

Harry T. Baker, of Milford, Pa., and Samuel B. Price, Cole B. Price, and John H. Price, all of Scranton, Pa., for defendant in error.

Before GRAY, BUFFINGTON, and McPHERSON, Circuit Judges.

GRAY, Circuit Judge. The plaintiff in the court below brought suit against the county of Pike, state of Pennsylvania, on an alleged contract of sale by the plaintiff to said county of a safe, steel files and vestibule doors for the use of the county, for the sum of $4,650. The proof of this contract rested upon plaintiff's own testimony that he had made a certain offer to furnish the said articles to the defendant for the price named and upon the terms stated in a certain resolution thereafter adopted by the commissioners of said county. This resolution was as follows:

"Motion by W. H. Clune that we make a contract with T. E. Spencer, of Monticello, N. Y., for a safe for treasurer's office for the price of $1,250.00, and steel files for the commissioners' vault $2,200.00, and filled vestibule doors for the commissioners' vault and prothonotary's vault for the sum of $1,200.00. Total contract price for same being $4,650.00, and payments for the same being as follows: $650.00, on delivery of material and completion of work; and $1,000.00 per year payable in December of each year, with interest at the rate of 6 per cent. per annum until same is paid. The commissioners reserve the right to pay the total amount sooner, if they so desire. The contractor to pay all expenses of delivery and cartage of material. Seconded by H. S. Albright. Mr. Hatton voting no."

It was contended by plaintiff that this resolution was an acceptance of his offer and completed the contract between the parties, and upon the contract as thus alleged suit was brought and the statement of claim filed. The defendant, however, introduced a certain paper writing, drawn up by the plaintiff after the passage of the resolution, in the form of an order upon the plaintiff, signed by two of the commissioners, individually, for the goods mentioned in the resolution, in which order were embodied terms as to payment, and especially an agreement that the partial payments to be paid were to be considered as rent and that the property was not to be transferred from the plaintiff until the full amount of $4,650 and interest was paid; also a provision that certain notes should be given, and that in default of payment of "said rent," plaintiff might take possession and remove the same without legal process and retain any payments made for the use of the safe. "'That nothing but shipment or delivery constitutes an acceptance of this contract." This paper writing concludes as follows:

"It is also hereby expressly agreed and understood that the foregoing embodies all the agreements made between us in any way, hereby waiving all claims or verbal or other agreements of any nature not embodied in this contract."

As we have pointed out, this paper was signed by two of the commissioners. The word "Commissioners" is not attached to their names,

208 F.—35

nor is it expressed anywhere in the order that they are acting as commissioners, nor does anything in the order refer to the resolution of the board or to the offer testified to by the plaintiff.

This paper was undoubtedly intended to be the contract between the parties. Its terms differ so widely and importantly from those authorized by the resolution, that the one cannot be considered as an embodiment of the other.

This case has been tried twice. After the first trial, it was brought before us on a writ of error, and it was then decided by this court that, in view of all the evidence, including this paper, the resolution of the board was not to be considered as the acceptance of an offer, but merely the authorization of a contract to be thereafter made upon certain expressly stated terms. It appears from the record of the second trial, which is the case now before us, that the question raised does not differ from that presented in the first trial. The only difference in the testimony is, that the plaintiff, in testifying as to his offer, has embraced all the details contained in the resolution of the board.

We think, however, that this addition to plaintiff's testimony does not alter the legal aspect of the case. The resolution of the board of commissioners does not purport on its face to be the acceptance of a previous offer by the plaintiff, and the other facts in the case, so far from supporting the contention of the plaintiff in that regard, negative the same. The order signed unofficially by the two commissioners, whether the same be regarded as a contract binding upon the commissioners, or not, conclusively shows that the resolution of the board, of December 21, 1908, was not intended as a final acceptance of a previous offer, or as the consummation of the contract with the plaintiff. If, however, the commissioners, signing it in their individual capacity, were authorized thus to bind the board, the order so signed was not the contract sued upon.

Further discussion is rendered unnecessary by the opinion of this court in the former case. 192 Fed. 11, 112 C. C. A. 433.

The judgment below is hereby affirmed.